35PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK MARTIN KING, | ) | |
| | ) | CASE NO.  4:24-CV-1344 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CORNERSTONE MEDICAL SERVICES | ) | |
| - MIDWEST LLC *et al*., | ) | |
| | ) | **ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 4, 5, 10, 13] |

Pending before the Court is *pro se* Plaintiff Derrick King's Omnibus Motion to Remand to State Court and Motion for Sanctions (ECF No. 4) and Defendant Philips RS North America LLC ("Respironics") Motion to Stay Proceedings Pending Transfer to MDL No. 3014 (ECF No. 5), Motion for Leave to File Sur-Reply (ECF No. 10), and Motion to Quash or Alternatively for a Protective Order to Preclude, Plaintiff's Premature Non-Party Subpoena of the U.S. Food and Drug Administration (ECF No. 13).   For the reasons set forth below, the Court grants the motion to stay and quashes the prematurely issued subpoena.

**I. Factual and Procedural History**

On June 14, 2021, Respironics voluntarily recalled several medical devices used to treat sleep and respiratory conditions.  Among the recalled devices was Philips Respironics DreamStation AutoPAP machine (Model DSX500T11C), which Plaintiff had been using since 2018.  ECF No. 1-2 at PageID # 31.   As a result of prolonged use of the recalled device, Plaintiff alleges that he "suffers serious personal injuries".  ECF No. 1-2 at PageID #: 30 (capitalization altered).

4:24-CV-1344

Before the filing of the instant case, Plaintiff filed in the Summit County Common Pleas Court on September 21, 2023 (herein ("*King I*")).  ECF No. 1-3.  In *King I*, Plaintiff raised various tort claims against Philips North America LLC, Philips RS North America Holding Company, Koninklijke Philips N.V., Polymer Technologies Incorporated, and Polymer Technologies, Inc., Molded Products Division.  ECF No. 1-3.  Defendant Philips RS North America LLC removed the case to the Northern District of Ohio (5:23-cv-02042).  The Judicial Panel on Multidistrict Litigation's ("JPML") filed a Conditional Transfer Order, and the case was later transferred to the Western District of Pennsylvania for consolidation into the multidistrict litigation, *In re: Philips Recalled CPAP, Bi-Level PAP, & Mechanical Ventilator Products Liability Litigation,* Case No. 2:21-mc-01230 (W.D. Pa.).  ECF No. 1-8.  After that case was transferred, Plaintiff voluntarily dismissed the case in June 2024.

In July 2024, Plaintiff filed the instant action in the Summit County Court of Common Pleas, in which he alleges similar claims regarding the same device and injuries that were described in *King I*.  *See* ECF No. 1-2.  In the instant lawsuit, however, Plaintiff filed his action against Philip RS North America, LLC; Philips RS North America Holding Corp., and the alleged seller of the device, Cornerstone Medical Devices—Midwest LLC.

On August 5, 2024, Respironics removed the instant case from the Summit County Court of Common Pleas.  ECF No. 1.  Subsequently, Respironics moved to stay the proceedings pending transfer to MDL No. 3014, because the JPML had entered a Conditional Transfer Order on August 8, 2024.  *See* ECF No. 5-2.  On August 13, 2024, Plaintiff opposed the motion to stay proceedings, ECF No. 6, arguing that the Court "must determine if it even has jurisdiction to proceed" before imposing a motion to stay.  ECF No. 6 at PageID #: 519.  For the reasons below,

2

4:24-CV-1344

the undersigned disagrees and grants the stay pending a determination of whether the matter will be transferred to MDL 3014.

## II. Discussion

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation . . . upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.

28 U.S.C. § 1407(a). "Whether to grant a stay of proceedings pending a final ruling of the MDL Panel on the transfer of a case is within the inherent power of the court and is discretionary." *Fox v. Depuy Orthopaedics, Inc.*, No. 3:11-CV-387-CRS, 2011 WL 6057509, at *1 (W.D. Ky. Dec. 6, 2011); *see also F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626 (6th Cir. 2014) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court.") (citation omitted).

"As other district courts within the Sixth Circuit have recognized, the general rule is for federal courts to defer ruling on pending motions to remand in MDL litigation until after the JPML has transferred the case." *City of Henderson, Kentucky v. Purdue Pharma L.P.*, No. 3:19-CV-00067-GFVT, 2020 WL 42811, at *4 (E.D. Ky. Jan. 27, 2020) (internal quotation mark omitted) (citing *Kelly v. Aultman Physician Center*, 2013 WL 2358583, *2 (N.D. Ohio May 29, 2013)); *see also Evans v. Merck & Co.*, 2005 WL 3008643 (W.D. Tenn. Nov. 8, 2005) (granting a motion to stay and deferring a motion to remand).

3

4:24-CV-1344

To determine whether a stay is appropriate, "[c]ourts consider three factors when determining whether to issue a stay of proceedings pending the JPML's decision on transfer: (1) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact coordinated; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Noble Cnty., Ohio by Noble Cnty. Comm'rs v. Cardinal Health*, No. 2:18-cv-1379, 2019 WL 311807, at *2 (S.D. Ohio Jan. 24, 2019).

Respironics argues that a stay will not prejudice Plaintiff, and that if the stay is not granted, it will suffer substantial hardship by having to litigate duplicative matters in numerous venues and become subjected to potentially conflicting rulings. ECF No. 5-1 at Page 237. Furthermore, it argues that the stay aligns with the interests of judicial economy if the Court were to transfer it to the MDL. ECF No. 5-1 at PageID #: 237. In opposition, Plaintiff contends that the Court must consider the motion for remand before determining the motion to stay. ECF No. 6. Again, the undersigned disagrees with Plaintiff.

Here, the Court finds that a stay is appropriate pending a decision from the JPML. The Western District of Pennsylvania would be best fit to resolve the jurisdictional concerns because the issue has arisen in many of the related cases[1], and that the transfer would reduce Respironics' hardship since it would eliminate the potential for conflicting pretrial rulings. Of equal importance, the Court finds that Plaintiff would not be prejudiced, because the JPML had already addressed his arguments before he voluntarily dismissed *King I*, and the stay will ensure more efficient and consistent adjudication.

---

[1] Respironics provided a list of similarly-situated cases in which other district courts granted the motion to stay—even when the stay was opposed, or if there was a motion to remand pending. See ECF No. 5-1 at PageID #: 231-33.

4:24-CV-1344

### III. Conclusion

Accordingly, the Court grants the Motion to stay Proceedings Pending Transfer to MDL No. 3014. (ECF No. 5). Additionally, Plaintiff's Omnibus Motion to Remand to State Court and Motion for Sanctions (ECF No. 4) and Defendant's Motion for Leave to File Sur-Reply (ECF No. 10) are stayed. Defendant's Motion to Quash or Alternatively for a Protective Order to Preclude, Plaintiff's Premature Non-Party Subpoena of the U.S. Food and Drug Administration (ECF No. 13) is granted in part. Plaintiff's subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises, issued to nonparty the U.S. Food and Drug Administration ("FDA"), on August 20, 2024, is quashed as prematurely issued. Finally, the Court hereby instructs the Clerk of Court that it will not accept any further filings until a ruling on the Conditional Transfer Order has been rendered or 90 days has elapsed.

IT IS SO ORDERED.

| | |
|---|---|
| October 11, 2024 | /s/ *Benita Y. Pearson* |
| Date | Benita Y. Pearson<br>United States District Judge |