IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>This Document Relates to:<br><br>*King v. Cornerstone, et al.*, #24-1693 | Master Docket: Misc. No. 21-1230<br><br>MDL No. 3014 |

## MEMORANDUM OPINION

I.  Introduction

Pending before the court are two pro se motions to remand this case to the Summit County, Ohio Court of Common Pleas ("state court") filed by plaintiff Derrick Martin King ("King"): (1) an omnibus motion to remand and for sanctions (Civ. No. 24-1693, ECF No. 4) filed on August 7, 2024, in the United States District Court for the Northern District of Ohio; and (2) after King's case was transferred to this court by the Judicial Panel on Multidistrict Litigation ("JPML") for pretrial proceedings as part of the Philips MDL, King filed a renewed motion to remand for lack of subject-matter jurisdiction in this court at the master Philips MDL docket on March 21, 2025 (Misc. No. 21-1230, ECF No. 3252), with brief in support (ECF No. 3253).

The motions were thoroughly briefed. Philips RS North America LLC and Philips RS North America Holding Corp. (collectively, "Philips") filed briefs in opposition to the motions (Civ. No. 24-1693, ECF No. 8; Misc. No. 21-1230, ECF No. 3286). King filed two reply briefs to support his omnibus motion (Civ. No. 24-1693, ECF Nos. 9, 25). Philips filed a response to the second reply (Civ. No. 24-1693, ECF No. 26) and King filed a third reply (Civ. No. 24-1693,

ECF No. 27). King filed a reply brief in support of his second motion (Misc. No. 21-1230, ECF No. 3287).

This court heard oral argument and testimony on the motions on May 6, 2025 (Transcript, Civ. No. 24-1693, ECF No. 34). The court orally denied King's motions on the record, but agreed, at King's request, to issue a written opinion and order to facilitate his ability to appeal.

II.     Procedural History

In September 2023, King filed a complaint ("King I") against various Philips-related entities and Polymer Technologies, Inc. and Polymer Technologies, Inc. – Molded Plastics Division. Philips filed a notice of removal to the United States District Court for the Northern District of Ohio on the basis of diversity jurisdiction. The JPML transferred the case to this court for pretrial proceedings as part of the Philips MDL and it was assigned Civil Case No. 23-2040. King filed an amended complaint in this court, in which he first named Cornerstone Medical Services-Midwest, LLC ("Cornerstone") as a defendant. (Civ. No. 23-2040, ECF No. 21). Cornerstone is the equipment supplier from whom King purchased a Philips Dreamstation CPAP device. King filed a motion to remand Civil Case No. 23-2040 to the state court, which was mooted by King's subsequent voluntary dismissal of that case on June 14, 2024 (Civ. No. 23-2040, ECF No. 22).

On July 7, 2024, King initiated this case ("King II") by filing another complaint in the Ohio state court. Philips and Cornerstone were named as defendants.[1] Philips filed a notice of removal to the United States District Court for the Northern District of Ohio (Civil No. 24-1693,

---

[1] On May 4, 2025, King filed (without leave a court) an amended complaint (Civ. No. 24-1693, ECF No. 31), to which defendants have not yet had an opportunity to respond. Although King named additional defendants, the averments in the amended complaint reflect that the only defendant which would implicate diversity of citizenship jurisdiction is Cornerstone.

2

ECF No. 1). King filed a motion to remand and for sanctions (Civ. No. 24-1693, ECF No. 4). The JPML transferred the case to this court for pretrial proceedings as part of the Philips MDL and it was assigned Civil Case No. 24-1693. On March 21, 2025, King filed a renewed motion for remand at the Philips MDL main docket (Misc. No. 21-1230, ECF No. 3252).

### III. Discussion

King challenges subject-matter jurisdiction in the federal courts under 28 U.S.C. § 1332(a). King's primary contention is that there is not complete diversity of citizenship between plaintiff and defendants. Specifically, King contends that Cornerstone and he are both citizens of Ohio. King also argues that Philips did not demonstrate the amount in controversy exceeds $75,000.

#### A. Timeliness

As an initial matter, the motions are timely because they implicate the court's subject-matter jurisdiction. Federal courts have a nondelegable duty to *sua sponte* review actions to confirm that they have jurisdiction at all phases of the case. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908); *Buell v. Jarvis*, No. CV 2025-0016, 2025 WL 857311, at *2 (D.V.I. Mar. 19, 2025) ("The Court has an independent and ongoing obligation to ensure that it has subject matter jurisdiction over an action, and to raise the issue *sua sponte* even when the parties fail to raise it.") (citing *Seneca Res. Corp. v. Township of Highland*, 863 F.3d 245, 252 (3d Cir. 2017)).

B. Diversity of citizenship

Pursuant to 28 U.S.C. § 1332, federal courts may exercise diversity jurisdiction over cases that involve greater than $75,000 in controversy and are between citizens of different states. The statute requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005), and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)).

The analysis to determine citizenship varies based upon the kind of entity involved. King does not contest that Cornerstone is a limited liability company ("LLC"). As explained in *Okpor v. CBS News Broadcasting*, No. 25-CV-0501, 2025 WL 1094254, at *4 (E.D. Pa. Apr. 11, 2025):

> An individual [such as King] is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). A corporation is a citizen of the state in which it was incorporated as well as where it has its principal place of business. *See* U.S.C. § 1332(c). In contrast, "the citizenship of an LLC [or other unincorporated entity] is determined by the citizenship of its members." *Zambelli*, 592 F.3d at 420. "[W]here an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." *Id.* (internal quotations omitted); *see also Voorhees v. Tolia*, 761 F. App'x 88, 91 (3d Cir. 2019) (per curiam) ("As for the entity defendants, they are limited liability companies and are deemed citizens of every state of which one of their members is a citizen.").

*Id.* at *4. King points to documentation that Cornerstone registered as an Ohio LLC. The Ohio registration is not relevant to Cornerstone's citizenship because it is an LLC and the citizenship of its members, through the layers of members, determines the citizenship of Cornerstone.

4

Philips submitted a declaration from attorney Christina Manfredi McKinley ("McKinley") dated August 2, 2024, with respect to the citizenship of the members of Cornerstone (Civ. No. 21-1230, ECF No. 3286-1). McKinley represented, under penalty of perjury, that she had personal knowledge of the facts asserted in the declaration.

As set forth in the declaration: (1) Cornerstone is an LLC whose sole member is another LLC, AdaptHealth LLC; (2) AdaptHealth LLC's sole member is another LLC, AdaptHealth Holdings, LLC; (3) AdaptHealth Holdings, LLC's sole member is a corporation, AdaptHealth Corp.; (4) AdaptHealth Corp. is incorporated in Delaware and has its principal place of business in Pennsylvania. AdaptHealth Corp. is a citizen of both Delaware and Pennsylvania. Cornerstone, therefore, is deemed to be a citizen of Delaware and Pennsylvania.

King does not challenge the accuracy of any of the facts set forth in the declaration. Instead, he challenges McKinley's ability to state those facts. King argues that McKinley is no longer counsel at Babst, Calland, Clements and Zomnir ("BCCZ"), the law firm that represents Cornerstone (Misc. No. 21-1230, ECF No. 3287). The record reflects that McKinley is an attorney in good standing and a member of the bar of this court. The record reflects that McKinley entered her appearance in the Philips MDL on behalf of AdaptHealth Corp. (Cornerstone's ultimate parent) on May 6, 2022 (Misc. No. 21-1230, ECF No. 544). On January 30, 2025, McKinley filed a motion to withdraw her appearance, and explained that AdaptHealth Corp. would continue to be represented by BCCZ (Misc. No. 21-1230, ECF No. 3097, errata at No. 3111). The court granted the motion for McKinley to withdraw her appearance on February 3, 2025. (Misc. No. 21-1230, ECF No. 3112). McKinley now works at another law firm. Tr., ECF No. 34 at 40. On August 2, 2024, when McKinley submitted the declaration, McKinley was a shareholder at BCCZ and she was counsel of record for AdaptHealth Corp. *Id.*

5

At the hearing on May 6, 2025, Philips presented testimony from Erin Hamilton ("Hamilton"), a shareholder at BCCZ who currently represents AdaptHealth Corp. and Cornerstone. Hamilton's testimony was credible. Hamilton independently verified and confirmed the facts with respect to the citizenship of Cornerstone set forth in McKinley's declaration. (Tr., Civ. No. 24-1693, ECF No. 34 at 39-42).

In summary, the court finds that Philips met its burden to prove that Cornerstone is deemed to be a citizen of Delaware and Pennsylvania for the purposes of jurisdiction. Because King is a citizen of Ohio, and none of the named defendants is a citizen of Ohio, there is complete diversity of citizenship in this case.

### C. Amount in controversy

King conclusorily challenges the amount in controversy on the basis that he did not set forth a specific dollar demand in his state court complaint (Civ. No. 24-1693, ECF No. 4 at 3, 5; Misc. No. 21-1230, ECF No. 3253 at 40-41). Philips responded that the Notice of Removal (Civ. No. 24-1693, ECF No. 1), credibly establishes that the amount in controversy exceeds $75,000 (Civ. No. 24-1693, ECF No. 8 at 15-17; Misc. No. 21-1230, ECF No. 3286 at 4-5). King raised the issue again in his reply brief (Misc. No. 21-1230, ECF No. 3287 at 15-16), but he did not articulate any factual disputes about the amount in controversy.

There has been no jurisdictional discovery by the parties or findings of fact by the court about the amount in controversy. In *Zilberman v. Ritz-Carlton Hotel Co., L.L.C.*, No. CV 21-3829, 2022 WL 3371618, at *2 (E.D. Pa. Aug. 16, 2022), the court summarized the applicable standard:

> To determine the amount in controversy, the Court must conduct a reasonable reading of the complaint. *See Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d

6

> 392, 398 (3d Cir. 2004). The proper test for burden of proof for the party alleging jurisdiction relies on whether the facts are in dispute. *See Id.* at 397; *Judon v. Travelers Property Casualty Co. of America*, 773 F.3d 495, 500 (3d Cir. 2014). Where factual disputes are involved, or there is a challenge to the amount in controversy raised in the pleadings but no evidence or findings in the trial court have addressed the issue, the defendant must justify his allegations by a preponderance of the evidence. *See McNutt v. General Motors Acceptance Corp.* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936) ("[T]he court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence."); *see also Samuel-Bassett* 357 F.3d at 398-399. Where there are no relevant facts in dispute, or findings of fact have been made by the district court, the legal certainty standard is appropriate, as set forth *in St. Paul Mercury Indem. Co. v. Red Cab Co.* 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938) ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."); *see also Samuel-Bassett* 357 F.3d at 398-399.

*Id.* at *2. This court will apply the preponderance of the evidence standard.

Philips, as the party asserting federal jurisdiction in a removal case, "bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) (citing *Samuel–Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004)). "A district court's determination as to the amount in controversy must be based on the plaintiff's complaint at the time the petition for removal was filed." *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002).

> The amount in controversy is measured, if possible, by the complaint:
>
> The general federal rule is that the amount in controversy is determined from the complaint itself. *Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3d Cir. 1993) (citing *Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 353, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961)). "If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.' " *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84, 135 S.Ct. 547, 190 L.Ed.2d 495 (2014) (quoting 28 U.S.C. § 1446(c)(2)).

*George v. Puerto Rico Wire Prods., Inc.*, No. CV 2020-0074, 2021 WL 3560809, at *2 (D.V.I. Aug. 10, 2021). In this case, the complaint does not state the amount in controversy.

7

Where a sum certain is not stated in the complaint, the allegations in the Notice of Removal about the amount in controversy are considered. *See Frederico*, 507 F.3d at 197. Philips avers in the Notice of Removal that the amount in controversy has been met.

In *George*, the court explained:

> "When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Id.; see also* 28 U.S.C. § 1446(c)(2)(A)(ii) ("[T]he notice of removal may assert the amount in controversy if the initial pleading seeks ... a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded."). The amount in controversy asserted by defendant in the notice of removal "should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 87, 135 S.Ct. 547. When a plaintiff contests a defendant's allegation, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88, 135 S.Ct. 547; *see also* 28 U.S.C. § 1446(c)(2)(B) ("[R]emoval of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).").

*George*, 2021 WL 3560809, at *2.

In the Notice of Removal, Philips acknowledged that King did not place a dollar value on his claims in the state court complaint. Philips pointed to King's allegation that he suffered serious personal injuries following prolonged use of a Philips CPAP device, including open heart surgery, the need to take prescription blood thinners for the rest of his life, and pain and suffering. (Civ. No. 24-1693, ECF No. 1 at 10-12). King demanded compensatory damages for pain and suffering and emotional distress and sought punitive damages. *Id.* Philips observed that in King I, which asserted the same claims based on the same facts, King demanded $5,000,000. Philips reasoned that the demand in King I provides a reasonable estimate of King's opinion about the amount in controversy in King II. *Id.*

King's state court complaint in King II (Civ. No. 24-1693, ECF No. 1-2) asserted 10 causes of action, including strict products liability, breach of express and implied warranties, negligence and violations of the Ohio Consumer Sales Practices Act. King alleged (with specificity and at length) that Philips knew about the dangers of its CPAP devices for many years prior to the 2021 recall, but failed to disclose those risks. King averred that he suffered "severe physical injuries." Complaint ¶ 351. King alleged that Philips' conduct was willful, wanton and reckless, which entitled King to recover punitive damages. Complaint ¶ 352.

King did not provide any evidence that the amount in controversy is below $75,000. A reasonable reading of the complaint discloses that King is asserting serious injuries. There is no evidence to dispute the assertion in the Notice of Removal that the jurisdictional limit is satisfied. The court finds that Philips established, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.

IV.     Conclusion

The court concludes that Philips demonstrated, by a preponderance of the evidence, based on the record in this case, that the parties are citizens of different states and the amount in controversy exceeds $75,000.  The federal courts have subject-matter jurisdiction over this case.  Because Philips and its counsel had reasonable grounds for the removal, King is not entitled to recover sanctions.  For the reasons set forth above, the omnibus motion to remand and for sanctions (Civ. No. 24-1693, ECF No. 4), and King's renewed motion to remand for lack of subject-matter jurisdiction filed at the master Philips MDL docket on March 21, 2025 (Misc. No. 21-1230, ECF No. 3252), will be denied without prejudice to King's ability to later seek remand if the status of pretrial proceedings in the Philips MDL warrants remand.

An appropriate order will be entered.

Dated: May 14, 2025

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge