# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>This Document Relates to:<br><br>*King v. Cornerstone, et al.*, #24-1693 | Master Docket: Misc. No. 21-1230<br><br>MDL No. 3014 |

## MEMORANDUM OPINION

### I.    Introduction

Pending before the court are: (1) a pro se motion filed by plaintiff Derrick Martin King ("King") to remove his case from the requirements of the July 3, 2025 show cause order (ECF No. 50); and (2) a motion filed by Philips RS North America LLC and Philips RS North America Holding Corp. (collectively, "Philips") to enter a new show cause order for King (ECF No. 57).

This court took the motions under advisement and ordered Philips to respond to King's argument that his filing of an appeal to this court's opinion and order denying King's motion to remand this case to the state court (ECF No. 35, 36) divested this court of jurisdiction.  Philips filed its response (ECF No. 59) and the motions are now ripe for decision.

### II.    Procedural History

In September 2023, King filed a complaint ("King I") against various Philips-related entities and Polymer Technologies, Inc. and Polymer Technologies, Inc. – Molded Plastics Division.  Philips filed a notice of removal to the United States District Court for the Northern

District of Ohio on the basis of diversity jurisdiction. The Judicial Panel on Multidistrict Litigation ("JPML") transferred the case to this court for pretrial proceedings as part of the Philips MDL and it was assigned Civil Case No. 23-2040. King filed an amended complaint in this court and a motion to remand Civil Case No. 23-2040 to the state court.

On May 9, 2024, the court entered a Docket Management Order ("DMO") (Civ. No. 21-1230, ECF No. 2769). The DMO imposed various duties on "Litigating Plaintiffs," like King, who did not participate in the settlement of personal injury claims.

On June 14, 2024, King voluntarily dismissed Civil. Case No. 23-2040. Less than one month later, on July 7, 2024, King initiated this case ("King II") by filing another complaint in the Ohio state court. Philips filed a notice of removal to the United States District Court for the Northern District of Ohio (Civil No. 24-1693, ECF No. 1). King filed a motion to remand and for sanctions (Civ. No. 24-1693, ECF No. 4). The JPML transferred the case to this court for pretrial proceedings as part of the Philips MDL and it was assigned Civil Case No. 24-1693. On March 21, 2025, King filed a renewed motion for remand at the Philips MDL main docket (Misc. No. 21-1230, ECF No. 3252).

After a hearing and argument on May 6, 2025 (Tr., ECF No. 34), the court determined that the removal was proper and denied King's motion to remand (ECF Nos. 35, 36). On May 14, 2025, King filed a notice of appeal of that decision to the United States Court of Appeals for the Third Circuit (ECF No. 39). On May 20, 2025, the Third Circuit Court of Appeals sent a letter to King, advising that the appeal would be submitted to a panel "for possible dismissal due to a jurisdictional defect," namely, the order he appealed from was not a final order pursuant to 28 U.S.C. § 1291. (3d Cir. No. 25-1951, Doc. # 6). On November 17, 2025, the Third Circuit Court of Appeals dismissed King's appeal for lack of jurisdiction (ECF No. 60).

2

On June 10, 2025, Philips filed a motion for Litigating Plaintiffs who failed to fully comply with their obligations to show cause why their claims should not be dismissed with prejudice (ECF No. 3368). On June 13, 2025, the court granted Philips' motion and imposed a deadline of July 7, 2025, for Litigating Plaintiffs to cure their deficiencies or show good cause for their failure to do so (ECF No. 3376). Due to a clerical error by Philips, King was inadvertently omitted from the list of Litigating Plaintiffs who were subject to the July 7, 2025 deadline (ECF No. 3395 at 3).

On June 25, 2025, Philips discovered its oversight and filed a motion to (among other things) issue a show cause order to King (ECF Nos. 3394, 3395). On July 3, 2025, the court granted Philips' motion and entered an order (ECF No. 49), which set deadlines for King (and 8 other plaintiffs) to provide to Philips the information required by the DMO or show good cause for his failure to do so. Specifically, King was ordered to provide: (1) preservation notices by August 4, 2025; (2) the information required by DMO ¶¶ 15(a) and 16 (i.e., Rule 26 disclosures, Fact Sheet, medical records, proof of injury, etc.) by September 2, 2025; and (3) an expert report by October 1, 2025.

The next day, July 4, 2025, King filed the pending motion for an extension of the deadlines (ECF No. 50). King did not articulate any practical reason or good cause for being unable to comply with the deadlines. His sole argument was based on the filing of his appeal from the denial of his remand motion. Philips filed a response in opposition to King's motion (ECF No. 52). King filed a reply and supplemental reply (ECF Nos. 53, 56). As noted above, on November 17, 2025, the Third Circuit Court of Appeals dismissed King's appeal for lack of jurisdiction (ECF No. 60).

3

On October 20, 2025, Philips filed the pending motion (ECF No. 57) for entry of a new show cause order against King (and 5 other plaintiffs) for failing to fully comply with the July 3, 2025 order, with brief in support (ECF No. 58). Philips reported that King failed to provide an expert report, a Litigating Plaintiff Fact Sheet, Rule 26 disclosures, medical records, proof of injury, records of using a CPAP device, preservation notices and record collection. (ECF No. 57-1). King did not respond to Philips' motion.

On October 23, 2025, the court granted Philips' motion with respect to the other plaintiffs and set a deadline of November 13, 2025, for them to fully comply with the DMO or show good cause (ECF No. 3690). The court took Philips' motion under advisement with respect to King and instructed Philips to address the court's jurisdiction in light of King's appeal (which at that time remained pending). *Id.*

On November 12, 2025, Philips filed its response to King's argument that his appeal divested this court of jurisdiction (ECF No. 59). The motions are ripe for decision.

III.   Discussion

The court must first confirm that it may exercise jurisdiction over King's case. Because the Third Circuit Court of Appeals dismissed King's appeal, it no longer serves as a potential impediment to this court's jurisdiction. The court need not address the parties' arguments about whether the appeal was a "nullity" from its inception. *See Venen v. Sweet*, 758 F.2d 117, 121 (3d Cir.1985).

The court turns now to the pending "show cause" motions. King has been aware of his obligations under the DMO as a Litigating Plaintiff since it was issued in May 2024, because he participated in the Philips MDL at that time as a plaintiff in Civil Case No. 23-2040. King was

4

well aware of the specific deadlines imposed in his case by the court's order of July 3, 2025 (ECF No. 49). King's only asserted basis for seeking an extension on those deadlines was the pendency of his appeal of the denial of his remand motion. As discussed above, that appeal is now over and does not divest this court of jurisdiction. King's motion based on that appeal, therefore, will be denied.

As a practical matter, King's motion for an extension of time has been effective, in that the court did not immediately issue a "show cause" order with respect to King, as Philips requested. The court notes that King would have been subject to a July 7, 2025 deadline to comply or show cause, but for a clerical error by Philips. Six additional months have passed, in which King has had a further opportunity to fulfill his obligations under the DMO.

As explained in previous opinions and orders, King's case is properly part of the MDL in this court. Because King did not participate in the personal injury settlement, he is a Litigating Plaintiff as defined in the DMO. King, therefore, must provide the information required by the DMO and must comply with this court's order of July 3, 2025 (ECF No. 49). Philips reports that King failed to comply with his obligations in numerous respects (ECF No. 57-1). King did not provide any evidence of compliance to the court. The court will enter a new show cause order requiring that within 21 days, King must either: (1) cure his deficiencies; or (2) demonstrate good cause for his failures to comply with the DMO and July 3, 2025 order.

IV.     Conclusion

For the reasons set forth above, the appeal does not divest this court of jurisdiction over King's case. King's motion for an extension of time to comply with the DMO deadlines due to the pendency of the appeal (ECF No. 50) will be denied, and Philips' motion for entry of a new "show cause" order to King (ECF No. 57) will be granted.

An appropriate order will be entered.

Dated: November 19, 2025

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge